IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TOMMY WILLIAMS                                                                                         PLAINTIFF

V.                                                                                           NO. 1:10CV158-M-A

LEE COUNTY-TUPELO ADULT JAIL, et al.                                                         DEFENDANTS

## MEMORANDUM OPINION

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B(i) and (ii).

In the complaint, the Plaintiff takes issue with numerous aspects of his incarcerations. The Plaintiff complains that he was strip searched while officers "went through his belongings" out of his presence. The Plaintiff also states that he complained to officers about mold in lids of food containers. The Plaintiff claims that he was denied family visitations. For these perceived transgressions, the Plaintiff is seeking compensatory damages and a medical examine because he suspects the food has been contaminated.

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L. Ed. 2d 156 (1992). However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Id.* at 10, 112 S.Ct. at 1000.

In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That

is, the injury must be more than *de minimis*, but need not be significant. *See id.*; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*)

Plaintiff has not alleged any injury beyond mental and emotional distress. In fact, Plaintiff states absolutely no injury at all. *Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prionser did not allege a physical injury). Since Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *McFadden v. Lucas*, 713 F.2d 143, 146-47 (5th Cir. 1983) (twenty-two officers armed with sticks and threatening demeanor may arguably be excessive, but in the absence of physical abuse there is no constitutional violation). Furthermore, Plaintiff did not allege any facts that would render the likelihood of a future injury more than a speculative possibility. He has, therefore, failed to state a valid claim for injunctive relief. *Taylor*, at *1.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claim lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g). A final judgment shall issue in accordance with this opinion.

THIS the 26th day of July, 2010.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**